IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 09-00156-07-CR-W-DW |
| ROGER WILLIAM WEBB, | ) ) | |
| Defendant. | ) ) | |

REPORT AND RECOMMENDATION

Pending before the Court is the issue of whether defendant Webb's competency has been restored. For the reasons set forth below, it is recommended that the Court find that defendant Webb has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

I. BACKGROUND

On May 19, 2009, the Grand Jury returned a nine count indictment against defendant Roger Webb and eight other individuals. Defendant Webb was charged with conspiracy to manufacture and distribute a substance containing a detectable amount of methamphetamine in an amount of 500 grams or more (Count One) and conspiracy to possess a listed chemical, pseudoephedrine, with the intent to manufacture a controlled substance and possess and distribute pseudoephedrine knowing or having reasonable cause to believe that the pseudoephedrine would be used to manufacture a controlled substance (Count Two). On November 30, 2009, defendant Webb entered a plea of guilty to Count Two of the Indictment. (Doc #159)

On January 13, 2010, counsel for the defendant filed a motion pursuant to 18 U.S.C. § 4241 asking for a determination of defendant's mental competency. (Doc #186) The Court committed the defendant to the custody of the Attorney General for placement in a suitable facility to undergo the requested examination. (Doc #187) Defendant was examined at the Federal Detention Center at Englewood, Colorado. A Forensic Evaluation was filed on May 26, 2010. (Doc #195) On June

8, 2010, a hearing was held on the issue of defendant's mental competency. The only evidence presented at the hearing was the Forensic Evaluation prepared by Dr. David Morrow of the Federal Detention Center at Englewood, Colorado. Based upon the testing and evaluations described in the Forensic Evaluation, Dr. Morrow concluded that "Mr. Webb is currently suffering from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or properly assist in his defense." (Forensic Evaluation at 10) Accordingly, the undersigned recommended that the District Judge find the defendant incompetent and commit him to the custody of the Attorney General pursuant to 18 U.S.C. § 4241(d)(1). (Doc #199) Judge Whipple adopted this Report and Recommendation (doc #205) and defendant was hospitalized at the Federal Medical Center in Butner, North Carolina.

A Forensic Evaluation was filed on August 9, 2011, (Doc #306) On August 12, 2011, the parties agreed that the defendant would benefit from an additional 120 days of treatment at the Federal Medical Center in Butner. (Doc #309) A second Forensic Evaluation from the Federal Medical Center in Butner, North Carolina was filed on March 5, 2012. (Doc #319) On March 7, 2012, the undersigned held a hearing on the issue of whether defendant's competency had been restored. The parties stipulated to the Forensic Evaluation prepared by Angela Walden Weaver, Ph.D., Staff Psychologist; Tracy O'Connor Pennuto, Ph.D., Staff Neuropsychologist; and Robert G. Lucking, M.D., Staff Psychiatrist. (Doc #319)

## II. DISCUSSION

After there has been an adjudication of incompetence and the defendant has been committed to the Attorney General for a determination as to whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, as in this case, pursuant to 18 U.S.C. § 4241(e), the burden of persuasion shifts to the Government. See United States v. Cabrera, 2008 WL 2374234, *6 (S.D. Fla. June 6, 2008). As set forth in Cabrera, "the court must find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings

2

against him and to assist properly in his defense." Id.

The evaluators noted that the defendant had previously been diagnosed with Major Depressive Disorder, anhedonia, insomnia, psychomotor retardation, fatigue or loss of energy, feelings of worthlessness, diminished ability to think or concentrate, indecisiveness, and pessimism. (Forensic Evaluation (doc #319) at 12-13) However, since being treated with an antidepressant, they concluded that defendant no longer exhibited signs of depression. (Id. at 13) In addition to the bupropion, prescribed for his depression, defendant was also prescribed medication for the treatment of a number of medical illnesses including glipizide, hydrochlorothiazide, levothyroxine, lisinopril, Metformin, metoprolol and simvastatin. (Id. at 16)[1]

While the evaluators recognized that defendant likely has some cognitive deficits, due to inconsistent and suboptimal performance, test results were considered an underestimate of his true abilities. (Forensic Evaluation (doc #319) at 13) The primary clinician reviewed the Presentence Investigative Report (PSIR) with defendant.

> During meetings with the primary clinician and other staff, Mr. Webb was able to express himself in an intelligent, coherent and relevant manner. He remained sufficiently alert and responsive during hours of testing, interviews and group; although he seemed to fatigue after about two hours and needed a break. ... In our opinion Mr. Webb would be able to discuss relevant information with his attorney. His memory problems and other cognitive deficits would not prevent him from being able to allocute at the time of sentencing. ...

(Id. at 15-16) Based upon the totality of their testing and meetings with defendant, the evaluators concluded that "Mr. Webb is able to understand the nature and consequences of the proceedings against him and to assist in his defense." (Id. at 13)

### III. CONCLUSION

Based upon the undisputed information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Webb has recovered to such an extent that he

---

[1] Kenton Hall, defense counsel, indicated at the hearing that, in his view, the continuation of this treatment regime was critical to defendant's continued competency.

3

is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                        */s/ Sarah W. Hays*  
                                                        SARAH W. HAYS  
                                        UNITED STATES MAGISTRATE JUDGE